IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERNEST WOODS ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | 2:05-CV-918-F |
| DONAL CAMPBELL, ET AL. ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

## SPECIAL REPORT

COME NOW the Defendants, **Donal Campbell, et al.**, by and through undersigned counsel, and in accordance with this Honorable Court's Order, offer the following written report.

## PARTIES

1. The Plaintiff, Ernest Woods, inmate of the Alabama Prison System.

2. Defendant Donal Campbell is Commissioner of the Alabama Department of Corrections.

3. Defendant Leon Forniss is Warden for Staton Correctional Facility.

## EXHIBIT

1. **EXHIBIT "1"** – Affidavit of Defendant Leon Forniss, Warden of Staton Correctional Facility.

2. **EXHIBIT "2"** – Affidavit of Michael W. Bosserman, M.D.

3. **EXHIBIT "3"** – Relevant Medical Records of Ernest Woods.

## PLAINTIFF'S CLAIMS

Woods alleges under 42 U.S.C. § 1983 that his civil rights were violated by the following:

1. Failing to let him know that he was using the same hair clippers as other inmates with Hepatitis C, allegedly being the cause of his contraction of the disease (*See* Plaintiff's Compl. P. 2 and 3);

2. Failing to give him access to his medical record so he can see if he contracted Hepatitis C from a blood transfusion in 2002 or 2003 at Huntsville Memory Hospital (*See* Plaintiff's Compl. P.3);

3. A restatement of the first claim. (*See* Plaintiff's Compl. P.3); and

4. The Plaintiff asks for treatment for Hepatitis C, and his good time back or payment of $1,000,000 for his shortened life. (*See* Plaintiff's Compl. P. 4).

## DEFENDANTS' ANSWER

1. The Defendants deny that they violated the Plaintiff's constitutional rights.

2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Plaintiff makes no specific allegations against Warden Forniss or Commissioner Campbell.

5. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

6. The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

The Plaintiff is currently an inmate at Limestone Correctional Facility with the Department of Corrections. (Exhibit "2"). When the petition was filed in the instant case, the Plaintiff was an inmate at Staton Correctional Facility (Exhibit "2").

The Plaintiff contracted Hepatitis C, but the exact point in time is not known to the Department of Corrections. Medical records indicate that the Plaintiff was ultimately diagnosed with Hepatitis C in June of 2005. (Exhibit "2", Footnote "1").

The Plaintiff alleges that he uses the same hair cut clippers as other inmates who have Hepatitis C and that he contracted Hepatitis C from those clippers. (*See* Plaintiff's Compl. P. 2 and 3). According to Defendant Forniss, the hair cut clippers are sterilized on a continual basis with ultraviolet light and sterilization spray is used to spray shaving clippers, and combs are immersed in a sterile solution. (Exhibit "1").

The Plaintiff alleges that he was not given information concerning a blood transfusion at "Huntsville Memory Hospital," implicitly alleging that he may have contracted Hepatitis C from that blood transfusion. (*See* Plaintiff's Compl. P. 3). Medical records indicate that the Plaintiff was given blood at Huntsville Hospital in February of 2002 after a hemorrhoid operation. (Exhibit "2"). Dr. Michael Bosserman with Prison Health Services reviewed the Plaintiff's medical record and found that "[s]ince Huntsville Hospital's medical records are not maintained as part of this inmate's correctional medical records, I am unable to determine whether the blood he received was tainted; however, I can say with certainty that neither the Alabama Department of

Corrections nor Prison Health Services, Inc. had any control over the blood supply this inmate was afforded." (Exhibit "2").

Through its contracted medical provider, Prison Health Services, the Department of Corrections will provide for all of the health care need for Mr. Woods including treatment for his Hepatitis C. (Exhibit "1").

## ARGUMENT

**1.     Defendants Deny Deliberate Indifference to Plaintiff's Medical Care**

The Plaintiff alleges that the Department of Corrections violated his civil rights in failing to let him know that he was using the same hair clippers other inmates with Hepatitis C, allegedly being the cause of the disease. The Plaintiff has failed to provide any evidence in support for his claim that he contracted or could contract Hepatitis C from the hair clippers.

The Court in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d. 251 (1976), found that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id. at 106. The standard for a claim of deliberate indifference is: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F. 3d 1248, 1255 (11th Cir. 1999). The Supreme Court has also held that:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

4

the inference.... The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

*Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994), quoted in *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). Defendants deny the Plaintiff's allegations that by allowing all inmates to use the same hair cut clippers and shaving clippers amounts to a Constitutional violation against the Plaintiff through negligence or deliberate indifference. Warden Forniss states in his affidavit that all of the hair clippers and combs are sterilized. (Exhibit "1"). Sterilization spray is kept on hand to spray hair clippers, shaving clippers and other hair care equipment used on inmates. (Exhibit "1"). Hair care equipment is immersed in a sterile solution and other equipment is sterilized on a continual basis with ultraviolet light. (Exhibit "1"). Neither Defendant Campbell as Commissioner of the Alabama Department of Corrections nor Defendant Forniss deliberately disregarded a medical risk to the Plaintiff.

Neither Defendant Campbell nor Defendant Forniss have personal, subjective knowledge of the medical treatment of the plaintiff, as they have no knowledge of any individual inmate's medical care. Therefore, they have no knowledge of any medical risk alleged in the Plaintiff's complaint. Prison Health Services provides medical care for prisoners. (Exhibit "1"). The Plaintiff has failed to show knowledge on the part of the Defendants, and therefore his claim of deliberate indifference by Defendants Campbell or Forniss cannot be maintained.

**2.    Defendants Deny Violating the Plaintiff's Right to Access Information**

The Plaintiff alleges that the Defendants have violated his Constitutional rights in not giving him access to his medical record so he can see if he contracted Hepatitis C from a blood transfusion in 2002 at "Huntsville Memory Hospital" (*See* Plaintiff's Compl. P.3). There is a procedure available for the Plaintiff to request access to medical

5

records.  Neither Defendants Campbell nor Forniss have any knowledge of whether or not the Plaintiff has availed himself of this procedure.

As part of a response to the pleadings hereto, Dr. Michael Bosserman with Prison Health Services, Inc. has reviewed the Plaintiff's medical record.  According to Dr. Bosserman, Huntsville Hospital's medical record is not maintained in the Alabama Department of Corrections records.  (Exhibit "2").  However, as part of the response herein, Defendants Campbell and Forniss have produced copies of the Plaintiff's medical records for his own inspection and review.  According to Dr. Bosserman's own review of the Plaintiff's medical records, the Plaintiff was diagnosed with Hepatitis C in June of 2005. (Exhibit "2").

No evidence indicates that the Plaintiff has followed any procedures in requesting access for records. The Defendants deny any knowledge that the plaintiff has used available procedures to request access for medical records.  However, in an effort to move this matter forward, the Defendants have reviewed and produced copies of, the relevant portions of Plaintiff's medical records.  The Defendants have not wrongfully withheld information from the Plaintiff.

**3.     The Defendants are immune from suit.**

This case should also be dismissed because the Defendants are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that

state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendants should be dismissed based on immunity.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct.

7

1861, 1878 (1979). The Defendants have not violated Smith's clearly established rights; thus, they are entitled to qualified immunity.

## **CONCLUSION**

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

> Respectfully submitted,
>
> TROY KING (KIN047)
> Attorney General
>
>
> /s/ Cheairs M. Porter
> Cheairs M. Porter (POR015)
> Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 27th day of December, 2005, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Ernest Woods, AIS 116978
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749-7009

/s/ Cheairs M. Porter
Cheairs M. Porter
Assistant Attorney General