IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERNEST WOODS,

    Plaintiff,

vs.

                                CASE NO: 2:05-CV-918-F

DONAL CAMPBELL, et.,al.,

    Defendant(s).

**AMENDED COMPLAINT**

Comes now the plaintiff, Ernest Woods, pro-se, seeks to add the following Defendants.

(1). Dr. Michael W. Bosserman M.D.
     Limestone C.F.
     28779- Nick Davis Rd.
     Harvest, AL  35749-7009

For failure to do his duties as Medical Doctor of said Facility. Plaintiff states that he went to Huntsville Memorial Hospital for a blood transfusion and Dr. Bosserman failed to do his duties by performing follow up blood work on the plaintiff after he was released from the Huntsville Memorial Hospital back to the Dept. of Corrections. And that Dr. Bosserman have falsified documents stating that plaintiff had surgery, but no surgery was ever performed on plaintiff for good cause shown Dr. Michael W. Bosserman should be added as a defendant.

(2). Plaintiff seeks to add Prison Health Services(P.H.S.), as a defendant, because the Doctor is employed for and through them. Plaintiff states that after he was transferred from Limestone C. F., to Staton Correctional Facility , Prison Health Service did not do follow up blood work for the blood transfusion that the

Plaintiff had received that was a part of his medical records that was sent along with plaintiff to Staton Correctional Facility in his medical jacket.

(3). Plaintiff states that he had been incarcerated at Staton C.F. for a period of 14 months before it was known that plaintiff was informed that he had contracted hepatitis C. Plaintiff states that while at Staton C.F., Prison Health Service was doing blood work on him every 30 days for a knee injury and no Hepatitis C was discovered until some 14 months so it is therefore fair to say that Plaintiff contracted Hepatitis while incarcerated at Staton Correctional Facility.

(4). Plaintiff states that Defendant Forniss placed plaintiff at risk of contracting Hepatitis C when he allowed a line of thirty (30) to forty(40) inmates to use the same shaving and hair clippers those that already had Hepatitis C, and those that did not have Hepatitis C. Therefore Defendant Forniss placed the Plaintiff in grave danger to which is cruel and unusual and is forbided by the 8th Amendment of the United States Constitution. Plaintiff states that Defendant Forniss never informed the general population that there were inmates in general population that had Hepatitis C, and the ways that it could be contracted, and therefore Plaintiff contracted Hepatitis C through no fault of his own. But rather through the tfault of Defendant Forniss for not carring out the duties that he is charged with, and that is the care, custody, and control of plaintiff.

(5). Plaintiff states that after he was told that he had Hepatitis C, he tried every way possible to find out how he contracted the disease and was ignored by Defendant Forniss, and Prison Health Service, causing him emotional stress, and discomfort.

(6). Plaintiff have come to learn that there is no cure for Hepatitis C, and that it can shorten his life span, and plaintiff here by seek that the defendants pay him the sum of $250,000.00 dollars (two-hundred, and fifty thousand dollars in Punitive damages) and the sum of $500,000.00 dollars (Five-hundred thousand dollars for Compensatory damages. And other awards that this Honorable Court deems just and proper.

Respectfully Submitted,

*Ernest Woods 116978*
ERNEST WOODS #116978
28779- Nick Davis Rd.
Harvest, AL 35749-7009