IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERNEST WOODS,

    Plaintiff,

v.                            CASE NO: 2:05-CV-918-F

DONAL CAMPBELL, et., al.,

    Defendant(s).

**PLAINTIFF'S OPPOSITION IN RESPONSE**
**TO THE DEFENDANT'S SPECIAL REPORT**

Comes now the Plaintiff, Ernest Woods, pro-se, as in the above entitled proceeding, and presents this motion in opposition to the answer of Defendant's Special Report, and asserts the following:

A. In the first instant, the Plaintiff asserts His liberty in being afforded due process, and to equal protection of the Constitutional Laws of the United States to be segregated/separated from other inmates known for contagious diseases including tuberculosis and venereal/social disease as hepatitis = A infections, and B= serum §§ 14-3-43, 14-3-41; and 14-1-11 Alabama Code 1975,

B. The Plaintiff asserts in this respect that His rights claimed to have been violated by the Defendants were clearly established at the time of the conduct at issue Accord <u>Davis v. Scherer</u>, 82 Led.2d 139 Id *[468 U.S. at 198](1984).("Thus. . . there are no deminus exception for such malicious, negligent act(s) or ones' life or liberty, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . .subjects, or causes to be subjected, any citizen of the United States or

SCANNED 2/24/06
VP

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

(1). In line one(#1) and two(#2) of Defendant's answer deny violating Plaintiff's Constitutional Rights, and the material allegations nor specially admitted therein.

(2). The Defendant's alleged in line three(#3) and four(4) of there answer that Plaintiff failed to state a claim upon which relief may be granted for which Plaintiff makes no claim against Warden Fornis, or Commissioner Campbell.

(3). In lines five(#5) and six(#6) the Defendant's pleaded the following immunities:

>(Line #5, the Defendant's pleaded the Eleventh (11th) Amendment immunity of the U.S. Const., and
>
>(Line #6 qualified immunity.

The Plaintiff asserts that, in determining whether particular action of Government officials Fit within a common-law tradition of [absolute immunity"] courts have applied a "functional approach ("t)hus...looks to the nature of the function performed, not the identity of the actor who performed it, <u>Forrester v. White</u>, 98 Led. 2d 555 Id (484 U.S. at 224)(1988).

Respectfully Submitted
Ernest Woods 116978
Ernest Woods #116978
28779 Nick Davis Rd
Harvest, Al. 35749-7009

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 21 day of Feb 2006, served a true and correct copy of the foregoing Motion Plaintiff's Opposition In Response To Defendant's Special Report on the Attorney General by placing same in the United States mail, postage prepaid, and properly addressed as follows:

    Cheairs M. Porter
    Assistant Attorney General
    State of Alabama
    11- South Union St.
    Montgomery, Al. 36130

Ernest Woods 116978
Ernest Woods #116978
28779 Nick Davis Rd
Harvest, Al. 35749-7009