IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ERNEST WOODS, #116 978 | * | |
| Plaintiff, | * | |
| v. | * | 2:05-CV-918-MEF |
| | | (WO) |
| MR. DONAL CAMPBELL, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Earnest Woods, filed this 42 U.S.C. § 1983 action on September 27, 2005. He complains that Defendants violated his constitutional rights when they exhibited deliberate indifference to his health and safety which resulted in his contracting Hepatitis C. He seeks costs associated with treatment of the virus, restoration of incentive good time, and damages. Named as defendants are ex-Commissioner Donal Campbell and Warden Leon Forniss.[1]

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. (Doc. No. 12.) The court deems it appropriate to treat the special report as a motion for summary judgment. Plaintiff opposes the motion. (Doc. Nos. 17, 20.) Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that the motion for summary judgment is due to

---

[1]When he filed this complaint, Plaintiff was incarcerated at the Staton Correctional Facility located in Elmore, Alabama. During the pendency of this action he was released from custody.

be granted.

## I. BACKGROUND

Plaintiff maintains that he contracted Hepatitis C from tainted hair and shaving clippers utilized at the Staton Correctional Facility "[Staton"]. He complains that Defendants failed to inform him that inmates afflicted with Hepatitis C use the same clippers as the rest of the prison population. The allegations in the complaint, however, contain a note of uncertainty as to the origins of Plaintiff's affliction with the virus. Specifically, Plaintiff states that he received a blood transfusion in either 2002 or 2003 while in the Huntsville Memorial Hospital. He contends that medical personnel at Staton refused to comply with his requests for a copy of his medical records made at the hospital so that he could "see if the blood was bad or not." (Doc. No. 1.)

In their dispositive motion, Defendants do not contest Plaintiff's allegation that all inmates at Staton receive their haircuts and shaves from a singular source. Defendants maintain, however, that hair and shaving clippers and other hair equipment in the inmate barbershop are sterilized on a continuous basis. Sterilization techniques include the use of ultraviolet light, sterilization spray, and sterile solutions used for immersion of equipment such as combs. (Doc. No. 12, Exh. 1.)

With regard to Plaintiff's contention that medical personnel at Staton refused to provide him with his medical records made at the Huntsville Memorial Hospital, Defendants have submitted pertinent copies of Plaintiff's medical records as well as the affidavit of Dr. Michael Bosserman of Prison Health Services. Dr. Bosserman states that Plaintiff's medical

records show that he received a blood transfusion at a Huntsville hospital in February 2002 during a hemorrhoid operation.[2] The hospital's medical records are not maintained as part of an inmate's correctional medical records.[3] Dr. Bosserman, therefore, points out that he cannot determine whether there was any problem with the blood Plaintiff received at the free world hospital in 2002.[4] (Doc. No. 12, Exhs. 2, 3.)

## II. STANDARD OF REVIEW

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce some evidence supporting his constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*,

---

[2] Plaintiff's medical records reflect that he also suffered from severe anemia due to blood loss caused by his hemorrhoids. (Doc. No. 12, Exh. 3.)

[3] Plaintiff does not dispute Defendants' contention that no evidence exists tending to show that he utilized procedures available to request access to his inmate medical records. (Doc. No. 12, Exh. 1.)

[4] Dr. Bosserman notes that Plaintiff's medical records show that he was diagnosed with an abnormal liver enzyme panel in January 2004. Based on this finding, Plaintiff received subsequent evaluations and was eventually diagnosed with Hepatitis C in June 2005. (Doc. No. 12, Exhs. 2, 3.)

814 F.2d 607 (11th Cir. 1987).  Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

*A. The Negligence Claim*

To the extent Plaintiff alleges that Defendants acted negligently by failing to advise him of the universal use of hair and shaving clippers at the prison and by failing to provide him with copies of his medical records made and maintained at a free-world hospital, he is entitled to no relief.  The Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty, or property.  *Daniels v. Williams*, 474 U.S. 327 (1986).   The protections of the Constitution "are just not triggered by lack of due care by prison officials."  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *see also Daniels*, 474 U.S. at 333.   Because this claim does not rise to the level of a constitutional violation, the court finds that it  provides no basis for relief in this 42 U.S.C. § 1983 action.

*B. The Eighth Amendment Claim*

Prison officials have a duty to provide prisoners with constitutional conditions of confinement. *See Hamm v. DeKalb County,* 774 F.2d 1567, 1573-74 (11th Cir.1985). Plaintiff asserts that the Defendants' actions in utilizing the same hair and shaving clippers on Hepatitis C-positive inmates as on non-infected inmates constituted deliberate indifference to his health and safety. The court understands Plaintiff to allege that Defendants' conduct exposed him to an unreasonable risk of serious harm.

Prison officials may be held liable under the Eighth or Fourteenth Amendment for acting with "deliberate indifference" to an inmate's health or safety only if they know that an inmate faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). These officials have a duty under the Constitution to provide humane conditions of confinement and they must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must protect prisoners from violence at the hands of other prisoners. *Id.* However, a constitutional violation occurs only where the deprivation alleged is, objectively, "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and the official has acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834. "When officials become aware of a threat to an inmate's health and safety, the [Constitution's] proscription against cruel and unusual punishment imposes a duty to provide reasonable protection." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990); *see also Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir.1984). "It is obduracy and wantonness [however], not

inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause...." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 319. It is, therefore, clear that prison personnel cannot be found liable unless they know of and disregard an excessive risk to an inmate's health or safety.

      Here, Plaintiff must demonstrate that he was at an increased risk of contracting the Hepatitis C virus as a result of the prison's practice of using hair and shaving clippers on the entire inmate population regardless of whether an inmate was healthy or infected with Hepatitis C. Plaintiff, however, presents no evidence that Defendants were aware of any such risk from this practice, or that any Defendant took action or failed to take any action that could be considered as deliberate indifference to the safety of Plaintiff or any other inmate from any such alleged risk. He also has presented no evidence to show that Defendants acted with the requisite culpable state of mind. Indeed, the evidence shows that prison officials acted to protect inmates by the use of cleansing and sanitizing practices. The court further notes that allegations of a generalized fear of contracting diseases from infected inmates and conclusory assertions that prison officials are aware of the existence of infected inmates in population and have done nothing to intervene are insufficient to state either an unconstitutional condition of confinement or a sufficiently culpable state of mind to constitute a violation of the Eighth Amendment. *See Farmer*, 825 U.S. at 837; *Wilson*, 501 U.S. at 303; *see also DeBlasio v. Johnson*, 128 F. Supp.2d 315, 331 (E.D.Va. 2000)

(plaintiffs' claims that barbers were not vaccinated or checked for hepatitis, and that they failed to properly sanitize their equipment did not articulate any excessive risk which could be considered so shocking or barbarous as to violate the Constitution).

Plaintiff fails to establish the requisite deliberate indifference to inmate health or safety necessary to establish an Eighth Amendment violation under § 1983. In light of the foregoing, the court concludes that Defendants' motion for summary judgment is due to be granted. *Farmer*, 511 U.S. at 834; *see also Celotex Corp.,* 477 U.S. at 322.

### IV. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (Doc. No. 12) be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. This case be DISMISSED with prejudice; and

4. The costs of this proceeding be taxed against Plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 30, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of April, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE